**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RICKY ZAPATA SANCHEZ; | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 5:20-CV-00989 |
| | § | Complaint for Declaratory |
| THE CITY OF HONDO, TEXAS; RUBE RODRIGUEZ, in his individual and official capacity as a police officer for the City of Hondo; and, MEDINA COUNTY; | § | Judgment and Injunctive Relief |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL PETITION**

## I.    NATURE OF THE CASE

1.    On August 22, 2018, tensions were running high in Medina County. The City of Hondo's Special Operations Unit and the Medina County Sheriff's Department Narcotics Unit were working jointly in efforts to execute a felony arrest warrant and a search warrant on Roy Guzman. This joint operation would go terribly wrong. At about 1800 hours, the joint operation was briefed about the dangerous criminal that they were trying to apprehend. Mr. Guzman has a long criminal history filled with drugs and violence, including a 6 hour standoff with the Hondo police just two years before. The joint operation was surveilling Mr. Guzman's property in order to apprehend him. His car was spotted and a car chase. At one point, Guzman had rammed his vehicle into the rear of patrol vehicle causing that officer to spin out of control. After the ramming, the hood of the vehicle flew up obstructing the view of the driver, which caused Guzman to crash into the backyard of a Hondo residence. Guzman exited the vehicle with his right hand in his

1

pocket. Police and Sheriff's surrounded the crash site ordering Guzman to the ground. The fugitive walked slowly to the backdoor of the Hondo residence with his hands in his pockets. He then took off running inside the residence and closed the door behind him. Police surrounded the home. Eventually, the night ended with Mr. Guzman shot and in custody. But, this lawsuit has **<u>nothing</u>** to do with Roy Guzman.

2. Ricky Sanchez is the unlucky homeowner of the residence that the fugitive crashed into. He is the unlucky man whose life was turned upside down in one night. The fugitive crashed into his home, broke into his home without his consent, and created chaos and danger for every member of his family. But, in the eyes of the Defendants, Ricky Sanchez is the problem. Ricky Sanchez did not evade police. He did not ram a police car. He did not obstruct police or prevent the apprehension of the fugitive. He was not charged with a crime nor were any members of the household who were detained that evening. Despite the danger and chaos of that evening, Ricky Sanchez did his level-best to comply with the commands of law enforcement officers in order to protect his family. However, his compliance did not prevent the law enforcement officers from pulling his mother-in-law out of the shower. It did not prevent these officers from detaining members of his family, including his hearing-impaired child. His compliance with their directives also did not keep Mr. Sanchez physically safe either. That evening, for no reason, at least two law enforcement officers beat and kicked Mr. Sanchez as he lay on the ground trying to comply with their directives. These same officers beat and kicked Ricky Sanchez after they handcuffed him.

3. This is a simple case. It comes down to one simple question: Can the employes of the City of Hondo and Medina County Sherriff's department beat a man after he lay prone and handcuffed? The answer is "No." Even given the grave situation that evening, no officer in this country is allowed to beat a detainee while handcuffed or subdued.

## II.   PARTIES AND SERVICE

4. Plaintiff, Ricky Zapata Sanchez, is a citizen of Medina County, Texas, who is presently incarcerated in Medina County on unrelated charges. His home is 511 16th St., Hondo, Texas 78861. He can be served by and through his counsel in this action.

5. Defendant The City of Hondo, Texas is a Texas City located in Medina County. The City and its management oversee the operation of its police department. The police officers of the City of Hondo are employees of the City of Hondo. The City may be served at 1600 Ave. M Hondo, Texas 78861. The City and its employees worked in concert with Medina County to deprive the plaintiff of his rights.

6. Officer Rube Rodriguez is a police officer of the City of Hondo, Texas. Officer Rodriguez is one of the officers who used excessive force against the Plaintiff. He is sued in his individual and official capacity. He may be served at the Hondo Police Department, 1030 Ave. Y, Hondo, Texas 78861.

7. Defendant Medina County is a Texas County operating pursuant to the Constitution and laws of the State of Texas within the U.S. Western District of Texas. The County may be served with process at 1100 16th St., Hondo, Texas 78861. Medina County is the entity responsible for operating the Sherriff's Department and overseeing the employees, some of whom deprived the plaintiff of his rights. The County and its employees worked in concert with the City of Hondo to deprive plaintiff of his rights.

## III.   JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. § 1983, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction

over Plaintiffs' claim under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(3) (civil rights), and 1367(a) (supplemental jurisdiction over state claims) and 42 U.S.C. §§ 1983, 1988.

9. Venue lies in the U.S. Western District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b) as all defendants reside in the Western District.

10. Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## IV. FACTS

11. Plaintiff Ricky Zapata Sanchez is a resident of Hondo, Texas. He is currently incarcerated in a Hondo jail for charges unrelated to this lawsuit. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, has no application to this cause of action.

12. The City of Hondo is one of the great, small cities of Texas known for its City Motto: "This is God's Country Please Don't Drive Through it Like Hell." The City of Hondo oversees, budgets, trains and regulates its police department and it employees, including its police officers.

13. Officer Rube Rodriguez is one of the police officers of the City of Hondo, who detained Ricky Sanchez on the night of August 22, 2018. While he detained the plaintiff, Officer Rodriguez used unnecessary force. He beat and kicked the plaintiff while Mr. Sanchez was prone. He beat and kicked the plaintiff while handcuffed.

14. Medina County is one of Texas's 254 counties. It is the entity that budgets, trains, regulates, and oversees the Sheriff's department. The Deputy Sheriffs that worked in concert with the City to deprive Mr. Sanchez of his rights are county employees.

**The Night of August 22, 2018**

15. On the night of August 22, 2028, there was a car chase between employees of the City & County and a fugitive named Roy Guzman.

16. This chase terminated at the residence of Mr. Sanchez, 511 16th St., Hondo, Texas 78861, when Mr. Guzman rammed his car into a trampoline in the backyard of Mr. Sanchez's property.

17. Mr. Guzman broke into Mr. Sanchez's home without consent and run through the home and into a shed in the plaintiff's yard.

18. Police aimed their weapons at Mr. Sanchez and ordered him out of his doorway to make entry into the residence.

19. Sanchez stepped out of the doorway allowing police entry into the home.

20. Members of the police of the City of Hondo and the deputy sheriffs of Medina County grabbed the plaintiff and took him to the ground to detain him.

21. Mr. Sanchez was complying with their orders. In fact, all the residents of the home. Everyone left the home without hindering or obstructing the actions of the law enforcement personnel that were on location.

22. As he lay prone on the ground, Officer Rube Rodriguez and, at least, one other law enforcement officer beat and kicked the plaintiff.

23. Soon, thereafter, handcuffs were placed on the plaintiff. As he lay in handcuffs on the ground in front of his home, Officers said something like "this is Ricky Sanchez and he don't give a f*ck." After that moment, they began to kick and beat Mr. Sanchez while he was in handcuffs.

24. In an effort to silence the plaintiff, Officer Rube Rodriguez filed a police report that omitted his use of unnecessary force. He also made a criminal referral against Mr. Sanchez for "hindering apprehension." There was no evidence of this crime and no criminal charges were ever filed against any member of the household.

25. In addition, law enforcement officers took possession of the Sanchez' family security system, which contained evidence of the car chase and the arrest & shooting of Mr. Guzman in Sanchez' backyard. However, it also contained footage of the unconstitutional police brutality visited upon Mr. Sanchez.

## Sanchez's Injuries were not *De Minimis*

26. Mr. Sanchez was severely injured as a result of these actions. His injuries include emotional, psychological, and physical damage. His suffered bruising, lacerations, and a cervical sprain that required immediate medical attention. As a result of his injuries, he had pain, soreness, discomfort, feelings of burning sensations around his neck and chest. He had shoulder and upper back pain. He could not move his neck and had limited mobility. He had headaches, dizziness, weakness, numbness, and tingling in his extremities. He has occasionally had muscle spasms as a result of these injuries. He, at times, has had difficult chewing and swallowing.

27. He is also suffered severe emotional and psychological trauma. He was beaten for no reason, because the law enforcement officers were chasing a fugitive on the plaintiff's property. The plaintiff had little or no connection to the fugitive. The plaintiff also had no connection to Mr. Guzman's crimes of that evening. While a dangerous fugitive rammed into his backyard and broke into his home, police trained their weapons on the plaintiff and forcible attacked him even though he was complying with their directives. The law enforcement personnel removed every member

of his home from the residence, including Mr. Sanchez's hearing-impaired daughter and his mentally-diminished mother-in-law, while she was in the shower.

28. Imagine for a moment being beaten by law enforcement officers for no reason knowing that every member of your home is at-risk of serious injury or death should a mistake be made.

29. Since the beating, Mr. Sanchez has had trouble trusting law enforcement personnel and people in positions of authority. He has shortness of breath, heart palpitations, and moments of anxiety while interacting with law enforcement personnel. This events have occurred frequently since the unconstitutional use of force.

30. To make matters worse, at the time of his beating, Mr. Sanchez was convalescing from complications from his testicular cancer.

31. Although some Fifth Circuit cases have suggested that inmates must demonstrate that they suffered more than a *de minimis* injury as part of a threshold showing for excessive force claims, this does not apply because Mr. Sanchez received medical treatment for his injuries. Edwards v. Stewart, 37 Fed. App'x 90 (5th Cir. May 10, 2002) (holding that injuries of lacerations, head ache, and neck pain were not *de minimis* because the assailant received medical treatment for the injuries).

32. Further, a *de minimis* injury is distinct from a *de minimis* use of force, and only the later is implicated by the excessive force claims. *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). ("Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts."); *Brown v. Lippard*, 472 F.3d 384, 386 n. 1 (5th Cir. 2006) ("The Supreme Court in Hudson was concerned with a *de minimis* use of force showing, not a *de minimis* injury.").

## Qualified Immunity does not Apply

33. Every single person in the United State has a constitutional right to be free from the use of excessive or unnecessary force.

34. However, public employees like deputy sheriffs and police officers enjoy a special defense against the use of excessive force called qualified immunity.

35. In order to overcome qualified immunity, a plaintiff must point conduct that violated a constitutional right and that his actions were objectively unreasonable in light of clearly established law as of the time of the conduct in question. *See Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

36. On August 22, 2018, Ricky Sanchez was brutalized by law enforcement personnel in the course of an arrest, investigatory stop, detainment, or other seizure. This violates the Fourth Amendment to the United States Constitution. *See Graham v. Connor*, 109 S. Ct. 1865, 1871 (1989).

37. Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. *See Terry v. Ohio*, 392 U.S., at 22 -2.

38. The use of force after an arrestee has been restrained and handcuffed is excessive and unreasonable. *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir.2008).

39. Officer Rodriguez knew that the plaintiff had been subdued and restrained. He continued to beat on Mr. Sanchez after the plaintiff had been subdued. This use of force is the source of the plaintiff's injuries.

40. Officer Rodriguez knew that the plaintiff posed no risk or minimal risk after he had been handcuffed, but he used unnecessary and excessive force that was objectively unreasonable. This use of force is the source of the plaintiff's injuries.

**The DVR of the Security Camera Footage**

41. In 2018, Mr. Sanchez and his family set up four security cameras at their home. The cameras record their footage unto a digital video recorder (DVR).

42. The night of the car chase the security cameras were operational the night of the police officer assault of the plaintiff.

43. The DVR was taken into custody by Medina County and the City of Hondo as evidence of a criminal investigation.

44. There were no charges filed against Mr. Sanchez or any resident of the Sanchez home. The charges against the fugitive, Mr. Guzman, have been adjudicated and Mr. Guzman is in prison.

45. There are no pending criminal investigations in which the DVR is evidence. Yet, the DVR has not been returned to the Sanchez family.

46. The DVR is being withheld in an attempt to prevent evidence of the use of unreasonable, excessive force against the plaintiff.

47. In the alternative, the DVR was handled negligently or intentionally erased by employees of the County and/or the City of Hondo with the result that evidence from that night has been lost.

48. The DVR has been requested through an Open Records Request on May 23, 2019. No one with possession of the DVR has returned the DVR to the Sanchez home or has copied the record and delivered in accordance with the public records laws of Texas.

49. Sanchez or his family have demanded the return of the property. Sanchez and his family have requested copied of the DVR and the disclosure of its contents.

## The Responsibility of the City of Hondo

50. Officer Rube Rodriguez is an employee of the City of Hondo.

51. The City of Hondo and its police department trained, oversee, and pay Officer Rube Rodriguez.

52. The City of Hondo has failed to discipline Officer Rube Rodriguez for previous uses of excessive force and violations of the rules, regulations, and constitutional rights of detainees, arrestees, or persons seized.

53. The City of Hondo has a "code of silence" that quarantines evidence, prevents disclosure of critical facts, and ensures that its police officers are protected from investigations or consequences associated with their violations of constitutional rights.

54. The City of Hondo has refused to turnover evidence of their employee's misconduct on the night of August 22, 2018.

55. The City and its employees have engaged in actions in concert with each other in order to protect the police officers, including Officer Rube Rodriguez, from facing scrutiny for their actions on August 22, 2018.

56. The City and its police department have failed to investigate, prevent, train, and prosecute the violations of constitutional rights of those injured by their employees.

57. The City has failed to supervise these same police officers who have violated the rights of the plaintiffs.

58. The City has ratified the actions by Officer Rube Rodriguez and other employees stemming from their actions on the night of August 22, 2018, which violated the constitutional rights of the plaintiffs. The authorized policy-maker for the City ratified the decision making of the police officers who engaged in a conspiracy to injure the plaintiff's constitutional rights. \

59. The authorized policy-maker for the City ratified the choice of their police officers to injure the plaintiff.

60. The City of Hondo and its law enforcement policy-maker have an official policy or policies that inured the plaintiff's constitutional rights. This policy was the moving force behind of the constitutional violation. This policy or polices include the code of silence among law enforcement personnel preventing disclosure of constitutional violations, the policy to mistreat or injure those who are restrained, and the failure to disclose evidence which might implicate its police officers.

## The Responsibility of Medina County

61. Medina County and its employees took part in a joint operation to arrest a fugitive.

62. At least one Deputy Sheriff was present on the scene at the Sanchez home the night that the joint operation was attempting to arrest the fugitive.

63. At least one Deputy Sheriff participated in the use of excessive force against the plaintiff.

64. At least one Deputy Sheriff participated in a concerted effort to prevent the disclosure of evidence concerning the violation of the plaintiff's constitutional rights.

65. Medina County and its Sheriff's department trained, oversee, and pay the employees that worked in concert with the City of Hondo and its employees to hide the fact of the violation of the plaintiff's constitutional rights.

66. Medina County has failed to discipline its employees for previous uses of excessive force and violations of the rules, regulations, and constitutional rights of detainees, arrestees, or persons seized.

67. Medina County has a "code of silence" that quarantines evidence, prevents disclosure of critical facts, and ensures that its deputy sheriffs are protected from investigations or consequences associated with their violations of constitutional rights.

68. Medina County has refused to turnover evidence of their employee's misconduct on the night of August 22, 2018.

69. Medina County and its employees have engaged in actions in concert with each other in order to protect deputy sheriffs and Hondo police officers, including Officer Rube Rodriguez, from facing scrutiny for their actions on August 22, 2018.

70. Medina County and its Sheriff department have failed to investigate, prevent, train, and prosecute the violations of constitutional rights of those injured by their employees.

71. Medina County has failed to supervise the deputy sheriffs who have violated the rights of the plaintiffs.

72. Medina County has ratified the actions by its employees and the police officers of Hondo and other employees stemming from their actions on the night of August 22, 2018, which violated the constitutional rights of the plaintiffs. The authorized policy-maker for the County ratified the decision making of the police officers and deputy sheriffs who engaged in a conspiracy to injure the plaintiff's constitutional rights.

73. The authorized policy-maker for the County ratified the choice of their employees to injure the plaintiff.

74. Medina County and its law enforcement policy-maker have an official policy or policies that inured the plaintiff's constitutional rights. This policy was the moving force behind of the constitutional violation. This policy or polices include the code of silence among law enforcement personnel preventing disclosure of constitutional violations, the policy to mistreat or injure those who are restrained, and the failure to disclose evidence which might implicate its police officers.

## V. CIVIL RIGHTS CLAIMS

75. The Civil Rights Act, codified as 42 USC § 1983, provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory…. subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

76. Plaintiff re-alleges all factual allegations from the above paragraphs. Plaintiff alleges that Defendants, jointly and/or severally, deprived Plaintiff of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated plaintiff's rights in the following ways:

(A) By using excessive force in Defendants attempt to seize the Plaintiff and use malicious, unreasonable and unnecessary force, in violation of the Fourth Amendment and its reasonableness standard. Plaintiff pleads that he was unlawfully physically assaulted in deprivation of his civil rights. This action resulted directly and only from a use of force that was clearly excessive to the need, and was objectively and subjectively unreasonable;

(B) By failing to provide supervision and/or proper training to prevent such incidents of excessive force.

(C) By engaging in a civil conspiracy to deprive the plaintiff of his constitutional rights.

(D) By ratifying the decision-making of the law enforcement personnel which deprived the plaintiffs of his constitutional rights.

(E) By refusing to return the Sanchez's DVR, which is both his property and evidence of the constitutional violations.

## Count #1: 42 USC §1983 – Peace Officer Liability

77. Plaintiff brings claim against Officer Rube Rodriguez, individually as well as in his official capacity, pursuant to 42 USC § 1983 and for punitive damages.

78. At all material times, Officer Rube Rodriguez was acting under color of state law as an agent and employee of City of Hondo. Defendant was in uniform at the time of the incident and acting in the course and scope of his duties as a police officer of City of Hondo at the time he assaulted plaintiff.

79. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. *See Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Officer Rodriguez assault against the Plaintiff was clearly unreasonable.

80. By using subjectively and objectively unreasonable force while acting under color of state law, Officer Rodriguez violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and caused grievous physical injury to the plaintiff.

81. Plaintiff's on-going injuries are a direct result of City of Hondo's employee's actions.

### Count #2: 42 USC § 1983 – County Liability

82. Medina County is also liable under 42 USC §1983 for failing to supervise and train its law enforcement officers, and for overlooking and failing to properly supervise correctional officer misconduct. The County has a general policy for not effectively disciplining its officers who violate its rules, which amounts to a departmental policy of overlooking constitutional violations. The County's failure to supervise and train its police officers, and its willful ignorance to constitutional violations of its employees, constitute gross negligence and or deliberate or conscious indifferent to the rights of those seized by its law enforcement personnel. In addition, the County worked in concert and in a civil conspiracy with the City of Hondo to violate the rights of the plaintiff. The County has also ratified the decision making of the law enforcement personnel on scene who violated the rights of the plaintiff.

83. Counties may be held liable for constitutional torts that are committed pursuant to a policy, procedure, or custom of the county.

84. Here, the County's overlooking of the transgressions of its employees, and its poor oversight of his actions encourage him to violate the constitutional rights of the plaintiff. Consequently, the County is liable for harm cause to the plaintiff as a result of its policies, practices, and procedures.

85. Thus, the County's failure to act was a direct cause of plaintiff's injuries and his deprivation of his civil rights.

86. In addition to the damages mentioned in the preceding paragraphs, plaintiff has suffered and in reasonable probability will continue to suffer damages as described in the paragraphs above.

### Count #3: 42 USC § 1983 – City Liability

87. City of Hondo is also liable under 42 USC §1983 for failing to supervise and train its law enforcement officers, and for overlooking and failing to properly supervise correctional officer misconduct. The City has a general policy for not effectively disciplining its officers who violate its rules, which amounts to a departmental policy of overlooking constitutional violations. The City failure to supervise and train its police officers, and its willful ignorance to constitutional violations of its employees, constitute gross negligence and or deliberate or conscious indifferent to the rights of those seized by its law enforcement personnel. In addition, the City worked in concert and in a civil conspiracy with Medina County to violate the rights of the plaintiff. The City has also ratified the decision making of the law enforcement personnel on scene who violated the rights of the plaintiff.

88. Cities may be held liable for constitutional torts that are committed pursuant to a policy, procedure, or custom of the municipality.

89. Here, the City's overlooking of the transgressions of its employees, and its poor oversight of his actions encourage him to violate the constitutional rights of the plaintiff. Consequently, the City is liable for harm cause to the plaintiff as a result of its policies, practices, and procedures.

90. Thus, the City's failure to act was a direct cause of plaintiff's injuries and his deprivation of his civil rights.

91. In addition to the damages mentioned in the preceding paragraphs, plaintiff has suffered and in reasonable probability will continue to suffer damages as described in the paragraphs above.

### Count #4: State Claim of Civil Conspiracy

92. An action for civil conspiracy has five elements: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214 (Tex. 2017).

93. Employees of the City of Hondo engaged in a combination of two or people to accomplish to deprive the plaintiff of his constitutional rights. There was a meeting of the mined among these employees and agents of the City of Hondo. These combination of agents of the City made several unlawful and overt acts to effectuate the object of depriving the plaintiff of his civil rights, including the destruction or quarantine of evidence, the filing of false police statements, and other overt actions. As a result, the plaintiff has suffered physical, emotional, and psychological damage.

94. Employees of Medina County engaged in a combination of two or people to accomplish to deprive the plaintiff of his constitutional rights. There was a meeting of the mined among these employees and agents of the City of Hondo. These combination of agents of the City made several unlawful and overt acts to effectuate the object of depriving the plaintiff of his civil rights, including the destruction or quarantine of evidence, the filing of false police statements, and other overt actions. As a result, the plaintiff has suffered physical, emotional, and psychological damage.

95. Employees of Medina County and the City of Hondo engaged in a combination of two or people to accomplish to deprive the plaintiff of his constitutional rights. There was a meeting of the mined among these employees and agents of the City of Hondo. These combination of agents of the City made several unlawful and overt acts to effectuate the object of depriving the plaintiff of his civil rights, including the destruction or quarantine of evidence, the filing of false police statements, and other overt actions. As a result, the plaintiff has suffered physical, emotional, and psychological damage.

96. The Defendants engaged in a civil conspiracy to injure the plaintiff and cause severe injury to his person.

### Count #5: State Claim of Conversion

97. Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971); *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 758-59 (Tex. App.-Dallas 2008, no pet.).

98. To establish a claim for conversion, a plaintiff must prove that: (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Khorshid, Inc.*, 257 S.W.3d at 759.

99. The DVR was owned by the plaintiff or his family. The Defendants have the unauthorized possession of the property. The Defendants have exercised control over the property to the exclusion of the plaintiff's rights as an owner. The DVR's return has been demanded. The DVR has not been returned.

100. The Defendants have illegally converted the property of the plaintiff.

## VI.     Damages

101. As a direct result of the Defendants' actions and omissions, plaintiff suffered pain and mental anguish at the time of the assault that continues until this day.

102. As a direct result of the Defendants' actions and omissions, plaintiff suffered pecuniary loss at the time of the assault that continues until this day.

103. In addition, Defendants are liable for compensatory and exemplary damages arising from their negligence, gross negligence, and deprivation of civil rights.

## VII.    ATTORNEY'S FEES

104. At present, Plaintiff does not have an attorney, but should he retain one, he is entitled to recover attorney's fees and costs of court as required by the Civil Rights Attorney's Fee Award Act of 1976. 49 USC § 1988. Plaintiff requests that the Court and the jury award attorney's fees and expenses.

## VIII.   JURY DEMAND

105. Plaintiff respectfully demand a jury trial pursuant to Fed. R. Civ. P. 8(b).

## PRAYER & CONCLUSION

106. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Defendants be cited to appear and answer herein, and that Plaintiff has judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court, exemplary damages, pre-judgment interest, post=judgment interest, costs of court,

attorney's fees and expenses and all other relief to which Plaintiff is justly entitled, at law, or in equity.

      **DATE**: August 22, 2020                      Respectfully Submitted,

                                              By: /s/ *Martin Golando*

                                              The Law Office of Martin Golando, PLLC
                                              Texas Bar No. 24059153
                                              405 N. St. Mary's, Suite 700
                                              San Antonio, Texas 78205
                                              Office: (210) 892-8543
                                              Email: martin.golando@gmail.com

                                              Attorney for Plaintiff